Cite as 2023 Ark. App. 130

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-22-273

| | | |
|---|---|---|
| KEON M. CHAFFIN | | Opinion Delivered MARCH 8, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21ACR-21-7] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**ROBERT J. GLADWIN, Judge**

Keon Chaffin appeals his conviction, following a jury trial, for possession of marijuana with purpose to deliver, simultaneous possession of drugs and firearms, possession of drug paraphernalia, fleeing, and possession of a firearm. He was sentenced to a term of ten years in the Arkansas Division of Correction ("ADC") for simultaneous possession of drugs and a firearm and to fines on the remaining charges. Chaffin argues on appeal that the evidence at trial was insufficient to support his convictions. Because the appellant did not preserve these arguments for appeal, we affirm.

I. *Background Facts*

On November 9, 2020, the appellant was stopped by Officers Eric Armstrong and Allen Hernandez of the Dumas Police Department because his vehicle's headlights were off. Theodore Mitchell was a passenger in the vehicle when appellant was stopped by the police.

Testimony provided that when Officer Armstrong spoke with the appellant, he detected the odor of marijuana, and after running his license, he asked Chaffin if there was anything in the truck. As they were speaking, the appellant drove away, and a chase ensued. Eventually, appellant stopped the vehicle and fled on foot. The police chased him into a residence where he was placed under arrest. The officers then searched the vehicle Chaffin was driving and discovered a black bag with marijuana and a handgun, along with scales and baggies. Additionally, approximately $2,500 in cash was recovered from appellant's sock.

At the close of the State's evidence, appellant moved for a directed verdict arguing that the State failed to introduce sufficient evidence to prove he possessed marijuana and/or the firearm. Specifically, appellant's counsel argued there was insufficient proof that Chaffin knew a firearm was in the vehicle, and furthermore, the evidence presented merely showed that the marijuana was for personal use only; thus, there was no intent to deliver. The motion was denied by the court. For the defense, the appellant took the stand and then called two other witnesses to testify. The State then recalled Officer Armstrong as a rebuttal witness. Appellant did not renew his motion for directed verdict at the close of all the evidence.

The jury returned guilty verdicts on all five charges, and Chaffin was sentenced to ten years in the ADC for possession of drugs and a firearm and assessed a $500 fine on the remaining charges. This appeal followed.

II. *Points on Appeal*

Chaffin argues on appeal that the evidence at trial was (1) insufficient to support his conviction for possession of drugs with purpose to deliver; (2) insufficient to support his conviction for possession of a firearm; and (3) insufficient to support his conviction of simultaneous possession of drugs and a firearm. Therefore, appellant argues that his convictions should be vacated.

III. *Discussion*

A challenge to the sufficiency of the evidence must be made by a directed-verdict motion. This court has consistently held that Arkansas Rule of Criminal Procedure 33.1 requires that an appellant move for a directed verdict at the close of the State's evidence and again at the close of all of the evidence and that the failure to do so waives a challenge to the sufficiency of the evidence on appeal. *See, e.g., Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553; *Flowers v. State*, 362 Ark. 193, 202, 208 S.W.3d 113, 121 (2005); *Romes v. State*, 356 Ark. 26, 144 S.W.3d 750 (2004); *Doss v. State*, 351 Ark. 667, 97 S.W.3d 413 (2003); *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). An appellant who does not renew a directed-verdict motion at the close of trial fails to preserve the issue for appeal. *Henry v. State*, 309 Ark. 1, 828 S.W.2d 346 (1992).

At trial, appellant moved for directed verdict at the end of the State's case; however, he did not renew his motion at the close of all the evidence. Pursuant to Rule 33.1, therefore, Chaffin waived his right to challenge the sufficiency of the evidence to support the jury's convictions. Thus, the circuit court's judgment is affirmed.

Affirmed.

HARRISON, C.J, and KLAPPENBACH, J., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.